NOT FOR PUBLICATION

FILED

JUL 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JODEL JEAN,<br><br>      Petitioner,<br><br>v.<br><br>MERRICK GARLAND, Attorney<br>General,<br><br>      Respondent. | No. 20-71131<br><br>Agency No. A209-867-665<br><br>MEMORANDUM* |

On Petition for Review of an
Order of the Board of Immigration Appeals

Submitted July 8, 2021**
Pasadena, California

Before: WATFORD and BUMATAY, Circuit Judges, and FREUDENTHAL,***
District Judge

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes that this case is suitable for
decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Nancy D. Freudenthal, United States District Judge for
the District of Wyoming, sitting by designation.

Jodel Jean appeals a final removal order of the Board of Immigration Appeals (BIA) dismissing his appeal of a decision by an Immigration Judge (IJ) denying Jean's applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Jean challenges the agency's adverse credibility determination and argues that the translation of his hearing was incompetent and that he met his burden of proof to receive asylum. Alternatively, he requests a new hearing with a competent interpreter. We review the constitutional due process claim *de novo*, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014), and agency findings of fact for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

BIA rested its adverse credibility determination on several grounds detailed by the IJ. Jean relied on the referenced police reports and court documents purporting to be official and descriptive of Jean's harassment in Haiti, but the BIA and the IJ determined they were facially unreliable. Jean neither explains the discrepancies in the documents nor argues their insufficiency. Under the totality of the circumstances, the unexplained discrepancies in these documents are sufficient to support the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii).

Jean's due process argument relies primarily on various "untranslated" references in the transcript. Jean identifies no missing words, misunderstandings, or translation errors that affected the outcome, and he did not object to the translation during the hearing. The transcript reveals Jean participated coherently, meaningfully and responsively in his hearing, and no translation prejudice is shown. *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994).

Without Jean's discredited testimony, he cannot meet his burden of establishing entitlement to asylum, withholding, or CAT protection. We therefore uphold the agency's determination that Jean is not eligible for relief.

**PETITION DENIED.**

Issuance of the mandate shall be stayed for ninety (90) days.